IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WLADIMIR JOSE HERNANDEZ ALCALA, #241-473-057, | § | |
| Petitioner, | § | |
| V. | § | No. 3:26-cv-1447-E-BN |
| WARDEN PRAIRIELAND DETENTION CENTER, ET AL., | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Wladimir Jose Hernandez Alcala, detained by U.S. Immigration and Customs Enforcement ("ICE") at the Prairieland Detention Center, filed an application for a writ of habeas corpus under 28 U.S.C. § 2241 *pro se* in the Fort Worth Division of this district. *See* Dkt. Nos. 1.

After Petitioner's action was transferred to the Dallas Division, *see* Dkt. No. 7, United States District Judge Ada Brown referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And Respondents have recently responded to the Court's status order [Dkt. No. 17] that, "[p]er information provided by [ICE], Petitioner has been removed from the United States, and thus is no longer in the government's custody," Dkt. No. 18.

The undersigned therefore recommends that the Court dismiss this action for lack of subject matter jurisdiction.

"'In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings.'" *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (quoting *United States v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020) (in turn citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998))).

"A claim is moot if it becomes 'impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Jackson Muni. Airport Auth. v. Harkins*, 98 F.4th 144, 147 (5th Cir. 2024) (en banc) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992); citation omitted).

And, so, "mootness is a threshold jurisdictional inquiry." *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (per curiam) (quoting *La. Env't Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580 (5th Cir. 2004)); *accord Foster v. Warden, Fed. Det. Ctr., Seagoville*, 31 F.4th 351, 354 (5th Cir. 2022) ("Mootness deprives a court of jurisdiction." (citing *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990))).

And, based on Respondents' representation that Petitioner "is no longer detained and has been removed from the United States," the "ground[s] for relief [are] now moot and this court lacks jurisdiction to consider [the habeas] petition." *Correia v. U.S. Immigration & Customs Enforcement*, No. 3:24-cv-3105-N-BW, 2025 WL 2957806, at *1 (N.D. Tex. Oct. 9, 2025) (citations omitted), *rec. accepted*, 2025 WL 2962569 (N.D. Tex. Oct. 20, 2025).

But, to the extent that Petitioner somehow remains in custody, these findings and conclusions provide notice of the Court's intent to dismiss this lawsuit as moot based on Respondents' representation, and the right to object to this

recommendation, as set out below, provides an opportunity to respond.

**Recommendation**

The Court should dismiss this habeas action as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 23, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE